FILED

2006 Dec-11  PM 02:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| TYRENE  D. MACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 7:05-cv-2571-IPJ-TMP |
| | ) | |
| WILLIE THOMAS, Warden; | ) | |
| THE ATTORNEY GENERAL OF | ) | |
| THE STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>MEMORANDUM OPINION</u>**

The magistrate judge filed his report and recommendation in the above-styled cause on September 11, 2006, recommending that the petition for writ of *habeas corpus* be dismissed without prejudice because petitioner has unexhausted claims for ineffective assistance of counsel still pending in a state Rule 32 petition in the Circuit Court of Greene County, Alabama.  In his objections to the report and recommendation, the petitioner asserts that he will complete serving the sentence now under attack on December 23, 2006, and will begin serving a consecutive sentence for another unrelated offense.  He contends that, if the instant petition is dismissed without prejudice, he will not be able to refile it later because he will not then be able to meet the "in custody" requirement of 28 U.S.C. § 2254 once his manslaughter sentence expires on December 23, 2006. He cites <u>Rhines v Weber</u>, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), for the proposition that the court should stay proceedings in this matter pending exhaustion of his ineffective-assistance claims in state court.

At the outset, it is undisputed that petitioner has presently pending in state court a post-conviction petition in which he asserts claims of ineffective assistance of counsel, and that those claims are unexhausted for purposes of federal *habeas* review.  That petition has been pending since October 10, 2003.  Under the procedural circumstances of this case, however, petitioner still has the full one-year limitation period remaining in which to file a § 2254 petition once the state proceedings are completed.

Although petitioner was convicted and sentenced on August 15, 2002, he was granted an out-of-time appeal, which was not completed until January 7, 2005, when the Alabama Supreme Court denied his petitioner for writ of *certiorari*.  Allowing petitioner ninety days from that date to seek *certiorari* from the United States Supreme Court, which it does not appear he did, his conviction became final on April 6, 2005.  During that entire time, however, petitioner's Rule 32 petition remained pending in the Circuit Court of Greene County.  Thus, even though his conviction became final on April 6, 2005, and he did not file the instant *habeas* petition until October 26, 2005,[1] the one-year limitation period has remained tolled the entire time under § 2244(d)(2).  Not one day of the one-year limitation period has yet expired.  For that reason, petitioner will have the entire one-year limitation period available to file a new *habeas* action once the state-court proceedings are exhausted.  Dismissal of the instant petition without prejudice to enable him to exhaust his state-court remedies will work no hardship on petitioner, because he has the full one-year limitation period remaining in which to file a new *habeas* action.

_____

[1]  The petition was apparently signed and delivered to prison officials for mailing on October 26, 2005.  Petitioner first mailed it to the Southern District of Alabama, which received it on November 7, 2005.  Thereafter, the petition was transferred to this court, where it was docketed on December 20, 2005.

Petitioner also argues that, if dismissed now, he will not be able to meet the "in custody" requirement of § 2254 once the state-court proceedings are completed because his 14-year sentence on this conviction expires on December 23, 2006, and he will begin to serve an unrelated consecutive sentence at that time.  In Garlotte v. Fordice, 515 U.S. 39, 115 S. Ct. 1948, 132 L. Ed. 2d 36 (1995), however, the Supreme Court explained that consecutive sentences are treated as an aggregate for purposes of meeting the "in custody" requirement of § 2254.  The Court said:

> In Peyton [v. Rowe, 391 U.S. 54, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968)], we held that "a prisoner serving consecutive sentences is 'in custody' under any one of them" for purposes of the habeas statute. 391 U.S., at 67, 88 S.Ct., at 1556.  Having construed the statutory term "in custody" to require that consecutive sentences be viewed in the aggregate, we will not now adopt a different construction simply because the sentence imposed under the challenged conviction lies in the past rather than in the future.

Id. at 46, 115 S. Ct., at 1956; see also, Cloud v. State of Louisiana, 397 F.2d 252 (5th Cir. 1968).[2] Thus, given that petitioner has a consecutive sentence to serve following completion of the instant sentence, he will still be able to meet the "in custody" requirement as long as he is serving any one of the series of consecutive sentences he is under, even those for which the sentence has expired.

Because petitioner has not exhausted some of his state claims, and because the entire one-year limitation period remains available for petitioner, and because he will be able to meet the "in custody" requirement so long as he is serving any one of a series of consecutive sentences, petitioner will suffer no harm if the instant petition is dismissed without prejudice to permit him to exhaust his

---

[2] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the old Fifth Circuit Court of Appeals rendered before October 1, 1981.

ineffective assistance claims in state court.  By separate order, therefore, the court will adopt the

magistrate judge's report and recommendation and will dismiss the instant *habeas* petition without

prejudice.

     The Clerk is DIRECTED to mail a copy of the foregoing to petitioner.

     DONE this 11th day of December 2006.


               INGE PRYTZ JOHNSON
               U.S. DISTRICT JUDGE